The opinion of the court was 'delivered by

Mr-. Justice Johnson.

1st. motion for nonsuit.
The facts stated in the second count of the declaration a&e precisely in accordance with the truth of the case; and as applied to this count, the ground of the motion for nonsuit rests on the position, that the receipt of the usurious interest on the balance of $‘70, that was due of the principal, does not support: the allegation that it was for the forbearance of $100, the sum originally lent.
The act, after declaring all contracts void in which a greater rate of interest is reserved than sevep per cent, per ann provides that if any person shall “take, accept, or receive, by way.or means of any corrupt bargain, loan, exchange, shift or interest of any monies, wares, merchandizes,” &c. “he shall forfeit and lose for every such offence the treble value of the mo ' nies, wares, merchandises, &cc. so. lent, bargained, exchanged,, shifted, or taken.” And concludes with a proviso, that actions to recover the same shall be brought in the life time oF the offender and within six months after the offence committed-
It is not necessary to resort to construction, to ascertain the meaning of the legislature in reference to this question. It is obvious that the offence intended to be punished by' the, penalty which the act imposes, consists in the act of receiving illegal interest, in pursuance of a corrupt agreement. Let it be asked then, what was the agreement between these parties? It is *406 •answered by the facts stated in the record and proved on tiré trial. The defendant lent Lyles $100, and it was agreed'that he should, and he did in fact pay him at the rate of 20 per cent, per ann. for forbearance.
O’Neale and Irby., for motion. P, Farroip, contra.
It is objected that the amount received within six months before action brought, was for the usury on $70, and not for lie $100. There was no proofof any new agreement with -respect to the interest or usury on the $70, and if legal implication be resorted to, it could not extend beyond the legal interest, and the excess must be put down to the original corrupt, agreement. So that plaintiff was right in declaring in reference to that agreement, and his count is supported by the proof.
This view of the question is also supported by authority, In Mallory vs. Bird, cited in Pollard vs. Scholy, cro. Eliz. 20, it" was held that if one contracts to have more than the statute allows, but he takes nothing of the interést contracted for, ■he is not punished by the statute. But if he takes any thingj-if it be but- a shilling, it is an affirmance of the contract and ho shall render for the whole contract.
This motion,, in reference to the other: counts in the declaration, is founded on the fact that in both, the sums charged to have been received are in blank. The disposition made of the preceding question has rendered any opinion on this unnecessary;; but I should incline to the opinion,■ that if it is not cured "by the verdict, the court would, if indispensable, give leave to amend.
2d. Motion for anew trial. This motion is■ founded on the position that plaintiff was only entitled to recover three times' the amount received within six months before action brought.
This quéstion was necessarily involved in the ground taken for a nonsuit, and. the reasoning and authority relied on apply with equal force to this- The defendants^ liability is with reference to the corrupt agreement,, and if he received but a shilling, it was an affirmance, and he shall render for the whole contract. Motion refused.
(Jolcock, Richardson, Huger, & Gantt, Justices, concurred.